Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment brought by the heirs of John Martin against the Bank, to recover a certain lot of ground. The plaintiffs gave in evidence an entry made by their ancestor in the land-office for the premises, proved his death, and that they were his heirs, and there rested the cause. The defendant, in the language of the bill of exceptions, then introduced the records of the probate court, and read the different proceedings had thereupon, and the final order of sale by the *621 probate court.” These were read without objection. The defendant then offered to read the deed of the administrator, under the said order of sale, to John Alston, and the record of a judgment against Alston, an execution and sheriff’s deed for the premises to the bank, which were objected to and excluded by the court. To this opinion an exception was taken, and it is the only exception in the cause. No charge to the jury was given or refused, and a verdict was rendered for the plaintiffs below. There was no motion for a new trial, nor does the bill of exceptions purport to set out all the testimony.
No part of the argument in this court rests upon the exception, but the whole is directed to the attack or defence of the record óf the probate court. Yet the propriety of the exclusion of the other testimony, is the only direct point, which the record presents.
It is insisted in argument that the whole proceedings in the probate court, as set out in the record, are void; that the sale under them is void, and consequently that the derivative title of the defendant is void. But these questions were not presented in the court below at all-; the record was read without objection, and if the questions had been there raised, those matters might possibly have been supplied, 'the absence of which, it is now urged, makes the whole void. It is said it was right to exclude the sheriff’s deeds, because the proceedings in the probate court were void. That point should have been presented by exceptions to the admission of that record. This court is called on to correct an error, of which neither party complained in the court below. This is against our usual mode of proceedings in questions of this kind, and would convert this into a court of original, not of appellate jurisdiction. See Doe v. Natchez Insurance Company, 8 S. & M. 205; Neely v. Planters Bank, 4 Ib. 113; Sessions v. Reynolds, 7 Ib. 130.
An order, judgment or decree is void, when rendered by a court, which has no jurisdiction of the subject-matter, or of the parties. Both must concur to make the proceeding valid. In this instance, the probate court clearly had jurisdiction of the subject-matter; whether it had jurisdiction of the parties *622 depends upon the fact of notice, either actual or constructive. The record recites that due notice had been given according to the statute, and that the parties had appeared, a circumstance deemed equivalent to notice. It is perhaps not going too far, to regard this as prima facie evidence of the fact. If it had been controverted below, a more complete transcript of the record, might have furnished conclusive proof, for this does not purport to be a full record. It is true that the record must show affirmatively, that the court had jurisdiction. It is a special jurisdiction, and all that is required to confer it, must be made affirmatively to appear. Planters Bank v. Johnson, 7 S. & M. 455. If the recital be correct, that due notice was given, and that the parties appeared, it would, under ordinary circumstances, establish the jurisdiction.
But it is said that in this case the first step was taken at a special term of the court, and that a guardian ad litem was then appointed, who was the person that subsequently appeared. This was a step of questionable propriety; but if notice was properly given afterwards, and no exception taken to this preliminary step, it would be going far to say, that the whole subsequent proceedings were void.
We are not prepared to say that the sale was valid; the proceedings in the probate court show great irregularity. But the exclusion of the title papers offered, cut short the defence. We give no opinion as to the validity of these proceedings. That is a matter which must be determined hereafter, perhaps with a fuller record. We only decide that as no question was raised upon these proceedings in the court below, and as they were read without objection, the deed of the administrator should also have been admitted.
Judgment reversed, and new trial awarded.